FILED
Scott L. Poff, Clerk
United States District Court

*By MGarcia at 2:00 pm, Mar 24, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOSIAH BENNETT,

    Petitioner,

v.

WARDEN, CALHOUN STATE PRISON,

    Respondent.

CIVIL ACTION NO.: 2:18-cv-85

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Josiah Bennett ("Bennett"), who is currently incarcerated at Calhoun State Prison in Morgan, Georgia, filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, as recast, challenging his 1996 McIntosh County, Georgia convictions. Docs. 1, 4. Respondent filed a Motion to Dismiss, and Bennett filed a Response.[1] Docs. 13, 16. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Bennett's Petition as a second or successive petition and as untimely, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Bennett *in forma pauperis* status on appeal and a Certificate of Appealability.

### BACKGROUND

Bennett was convicted on charges of aggravated assault of a peace officer, possession of a firearm by a convicted felon, possession of a firearm during the commission of a crime, simple battery, driving while under the influence, theft by taking, and escape in McIntosh County,

---

[1] Bennett filed an "Answer-Response," which was docketed as his Response to the Motion to Dismiss. Doc. 16. Though it appears from this filing Bennett may want to dismiss his Petition, Bennett's intention is not clear, as it also appears Bennett would like his state charges dismissed. Id. Thus, the Court addresses Respondent's Motion out of an abundance of caution.

Georgia, on September 20, 1996.  Bennett appealed his convictions, and the Georgia Court of Appeals affirmed on March 31, 2000.  Doc. 13 at 1–2.  Bennett filed a § 2254 petition in this Court which was dismissed for lack of exhaustion.  Order, Bennett v. Hicks, 200-cv-65 (S.D. Ga. Aug. 14, 2000), ECF No. 14.  Bennett filed a state habeas petition, and that court denied his petition after conducting an evidentiary hearing.  R. & R., Bennett v. Hicks, CV202-161 (S.D. Ga. Jan. 7, 2003), ECF No. 7.  The Georgia Supreme Court denied his application for certificate of probable cause to appeal.  Id.  Bennett filed another § 2254 petition in this Court in 2002 and asserted his counsel was ineffective because he failed to subpoena all alibi witnesses, failed to object to the reasonable doubt instruction, and did not give Bennett a trial transcript for use on direct appeal.  Id. at 3–4.  This Court denied his petition.  Id. & at ECF No. 14 (Mar. 6, 2003).

Bennett executed his recast § 2254 Petition on May 29, 2018, and it was filed on June 7, 2018.  Doc. 4.[2]

## DISCUSSION

In his recast Petition, Bennett asserts the verdict rendered in his criminal proceedings is contrary to evidence and unsupported by evidence.  Doc. 4 at 5.  Bennett alleges that, although the State proved his guilt beyond a reasonable doubt, "the evidence was sufficiently close to warrant the trial judge" exercising his discretion to grant Bennett a new trial.  Id.  Respondent asserts Bennett's Petition in an unauthorized successive petition and his Petition is untimely.

**I.     Whether Bennett Is Barred From Bringing His Petition**

Before a second or successive application is filed in a district court, the applicant "shall move in the appropriate court of appeals for an order authorizing the district court to consider the

---

[2]     Bennett filed a "petition" in the Middle District of Georgia, and that court directed Bennett to recast his petition.  Docs. 1, 3.  Bennett did so, and the Middle District of Georgia court transferred Bennett's recast Petition to this District, as he challenges his conviction obtained in McIntosh County, Georgia.  Doc. 6.

application." 28 U.S.C. § 2244(b)(3)(A) (emphasis supplied). The "phrase "second or successive' . . . refers to a second or successive petition challenging the same state-court judgment." Romero v. Ford, 735 F. App'x 696, 696 (11th Cir. 2018). This "gatekeeping" requirement transfers a second or successive application from the district court to the court of appeals, pursuant to 28 U.S.C. §1631, as a motion for authorization to proceed in district court. See Felker v. Turpin, 518 U.S. 651, 664 (1996). "If applicable, section 1631 authorizes a transfer that is in the interest of justice." Guenther v. Holt, 173 F.3d 1328, 1330–31 (11th Cir. 1999). However, a transfer may not be authorized in certain instances, as set forth in 28 U.S.C. § 2244(b). This Section provides:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed, unless:
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

Bennett filed a previous § 2254 petition in this Court and raised as his grounds for relief his counsel was ineffective because he failed to subpoena all alibi witnesses, failed to object to the reasonable doubt instruction, and did not give Bennett a trial transcript for use on direct

appeal. R. & R., Bennett v. Hicks, 2:02-cv-161 (S.D. Ga. Jan. 7, 2013), ECF No. 7. This Court denied his petition. Id., ECF No. 14. Although it does not appear Bennett raised the exact issues in this Petition in his last petition, Bennett has failed to move the Eleventh Circuit Court of Appeals for an order authorizing this Court to entertain his second or successive petition, 28 U.S.C. § 2244(b)(3), and this Court is "not at liberty to consider it." Smalls v. St. Lawrence, No. CV412-058, 2012 WL 1119766, at *1 (S.D. Ga. Feb. 27, 2012). Additionally, it is not permissible for this Court to transfer this petition to the Court of Appeals. Bennett's Petition is barred under the gatekeeping provision of § 2244(b)(3)(A). The claims for relief in this cause of action would be dismissed under to § 2244(b)(2).

For these reasons, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS** Bennett's Petition.

## II.   Alternatively, Bennett's Petition is Untimely

A petitioner seeking to file a federal habeas petition has one year within which to file his petition. 28 U.S.C. § 2244(d)(1). The statute of limitations period shall run from the latest of four possible dates:

(A)   the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

(B)   the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Bennett's conviction became final at the time of his completion of the direct review process or when the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A). Bennett was convicted on September 20, 1996. Doc. 5 at 1. The Georgia Court of Appeals affirmed the decision of the McIntosh County Superior Court relating to Bennett's 1996 criminal proceedings (case number 96-R-50) on March 31, 2000. See Bennett v. State, Case No. A00A0391, filing dated Mar. 31, 2000. Bennett then had 10 days, or until April 10, 2000, to file a motion for reconsideration with the Georgia Court of Appeals or to seek certiorari to the Georgia Supreme Court. Ga. Supr. Ct. R. 38; Ga. Ct. App. R. 38. Bennett did neither, and his conviction became final on April 10, 2000. 28 U.S.C. § 2244(d)(1)(A). Because Bennett's conviction became final on April 10, 2000, he had one year from that date in which to file a timely federal habeas petition. 28 U.S.C. § 2244(d)(1).

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted).

Bennett filed his state habeas petition on July 26, 2000, and the Coffee County Superior Court denied his petition on July 2, 2001. Doc. 13-1 at 7. Bennett's application for a certificate

5

of probable cause to appeal was denied and made final on October 18, 2002. Id. at 8. Thus, Bennett would have had to file a timely petition no later than July 3, 2003, § 2244(d)(1)(A), and his May 10, 2018 filing was too late. Additionally, Bennett has made no showing he is entitled to the limitations periods found in §§ 2244(d)(1)(B)–(D).

Because Bennett has not shown he is entitled to statutory tolling, the Court must determine whether the applicable statute of limitations period was equitably tolled. A petitioner seeking equitable tolling must establish "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition. Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), *overruled on other grounds by* Holland v. Florida, 560 U.S. 631 (2010). "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'" Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Bennett does not present any basis for equitable tolling of the statute of limitations. Bennett offers nothing to show that he had been pursuing his rights—diligently or otherwise—from the time of his conviction became final until the filing of the instant § 2254 Petition and that some extraordinary circumstance prevented him from filing a timely § 2254 Petition.[3] "The

---

[3]  It is hardly clear from Bennett's recast Petition what he filed in the state system. Doc. 5. While Bennett states he filed a state habeas corpus petition in the Tattnall County Superior Court on March 31, 2000, he also provides a case number assigned to that case which indicates his petition was filed in 2012. Doc. 5 at 3. The March 31 date could refer to the Georgia Court of Appeals' affirmance dated March 31, 2000, in case number A00A0391. Bennett also filed an appeal bearing case number A11A1714, and that appeal was dismissed on June 1, 2011. In addition, Bennett filed a discretionary appeal in case number A12D0378. In the order dismissing his appeal as untimely, the Georgia Court of Appeals noted Bennett was challenging the McIntosh County court's denial of a motion to modify sentence. The Georgia appellate court also noted Bennett had filed numerous motions to modify sentence in the McIntosh County Superior Court, and that court had instructed the clerk of court to not accept any further motions.

burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014). As he has failed to meet this burden, Bennett is not entitled to equitable tolling of the statute of limitations period.

Alternatively and for these reasons, the Court should **GRANT** this portion of Respondent's Motion and **DISMISS** Bennett's Petition as untimely filed.

### III. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Bennett leave to appeal *in forma pauperis* and deny him a Certificate of Appealability. Though Bennett has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v.

---

https://www.gaappeals.us/docket/results_one_record.php?docr_case_num=A12D0378. Respondent helped clarify Bennett's filings and states Bennett filed a habeas petition with the Tattnall County Superior Court on August 10, 2012, and that court dismissed his petition as both untimely and successive. Doc. 13-1 at 9; Docs. 14-9, 14-10.

7

Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Bennett's Petition and Respondent's Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal,

an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Bennett *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS** Bennett's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, docs. 1, 5, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Bennett leave to proceed *in forma pauperis* and a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

9

judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 24th day of March, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA